IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAM CONNER and FRANK MUEGGE,

    Plaintiffs,

v.

FORD MOTOR COMPANY,
JOHNSON CONTROLS, INC.,
and VISTEON CORPORATION,

    Defendants.
---------------------------------------------------------

FORD MOTOR COMPANY,

    Defendant/Third-Party Plaintiff,

v.

TIMOTHY J. SWINDELL,

    Third-Party Defendant.                      Case No. 07-cv-122-DRH

## ORDER

**HERNDON, Chief Judge:**

      Pending before the Court is an Amended Motion to Dismiss Third Party Complaint (Doc. 24) and a Supplemental Motion to Dismiss Third-Party Complaint (Doc. 61). Both have been fully briefed and are ripe for determination. Yet, before the Court can make a ruling on the pending motions, it must first raise the issue, *sua sponte*, of whether it has subject matter jurisdiction over this case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to

declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L. Ed. 264 (1868);** ***Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. **See *Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993)**; ***Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**.

This case was removed from state court by defendant Ford Motor Company ("Ford") on the basis of diversity jurisdiction, pursuant to **28 U.S.C. § 1332** (Doc. 2). At the time of removal, Ford was the sole party defendant in the case. Plaintiffs did not seek remand. Ford then filed its Third-Party Complaint against third-party defendant Timothy J. Swindell ("Swindell") (Doc. 16). Subsequently, Plaintiffs sought leave to file their First Amended Complaint (Doc. 32), which was granted (Doc. 39). Plaintiffs' First Amended Complaint (Doc. 40) alleged additional counts against a new party defendant, Johnson Controls, Inc. ("Johnson Controls"). Plaintiffs again sought leave to file a Second Amended Complaint (Doc. 44), which was also granted (Doc. 48). As before, Plaintiffs' Second Amended Complaint alleged additional counts against a new party defendant, Visteon Corporation ("Visteon"). Neither of Plaintiffs' Amended Complaints contain any jurisdictional allegations. Therefore, the Court has no information at hand to determine whether diversity

jurisdiction exists or has been destroyed by virtue of the additional defendants.

Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." **28 U.S.C. § 1447(e)**. ***See also Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485-86 (7th Cir. 1996)**. In seeking to amend their Complaint to add defendant Johnson Controls, Inc., and then subsequently add defendant Visteon Corporation, Plaintiffs never made a proper showing under § 1447(e). Although Plaintiffs' motions for leave to amend were granted, it was an oversight of the Court not to require this showing. Despite this, however, the Court remains under an affirmative obligation to ensure it has proper subject matter jurisdiction for this case to proceed in federal court.

Accordingly, Plaintiffs are hereby **ORDERED** to file a Jurisdictional Memorandum to demonstrate whether this Court has diversity jurisdiction pursuant to **28 U.S.C. § 1332**. If joining either Johnson and Visteon as a party defendant would destroy complete diversity of citizenship among the parties, Plaintiffs must show why the Court should, in its discretion, permit joinder of a diversity-defeating party and remand the suit to state court or why it should deny joinder and allow the case to remain here. **28 U.S.C. § 1447(e)**. ***See, e.g., Brown v. Alter Barge Line, Inc.*, 461 F. Supp. 2d 781, 784 (S.D. Ill. 2006) ("[A] court should consider the plaintiff's motivation in seeking to join the additional party, the timeliness of the**

**request, the prejudice to the parties, and other equitable considerations, including the defendant's interest in a federal forum.") (citation omitted)**.

Plaintiffs shall file said Memorandum by **Monday, July 21, 2008**. Defendants may file their responses, if they so elect, **no later than <u>one</u> week** after the filing date of Plaintiffs' Jurisdictional Memorandum.

**IT IS SO ORDERED**.

Signed this 9th day of July, 2008.

/s/    David R Herndon
**Chief Judge
United States District Court**