IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PAM CONNER**
**and FRANK MUEGGE,**
**Plaintiffs,**

**v.**

**FORD MOTOR COMPANY,**
**JOHNSON CONTROLS, INC.,**
**Defendants.**                                                    **No. 07 - CV - 00122 DRH**

## ORDER

**HERNDON, Chief Judge:**

Before the Court is a Motion for Summary Judgment (Doc. 229) and Memorandum in Support (Doc. 230) filed by codefendant Johnson Controls, Inc., on December 22, 2010. Johnson moves for summary judgment in its favor as to counts II and V of Plaintiffs' Third Amended Complaint (Doc. 91). Count II was brought by plaintiff Pam Conner and alleges that Johnson is liable for Conner's personal injuries, which she alleges were caused in part by a defectively manufactured car seat. The Complaint states that the car seat was manufactured and sold by Visteon Corporation, which is "now defendant Johnson Controls, Inc." (Doc. 91, p. 3). Count V was brought by plaintiff Frank Muegge and substantially repeats the allegations in Count II (Doc. 91, pp. 8–9). Plaintiffs have not responded or asked the Court for additional time, and it is now more than 30 days since the Motion for Summary Judgment was filed.

Johnson argues that it should be entitled to summary judgment as to both counts because Plaintiffs failed to produce evidence on essential elements of their claims. First, Johnson did not design, manufacture, or sell the car seat at issue (Doc. 229, pp. 2–3). Visteon actually assembled and supplied it to Ford Motor Company. Second, Johnson has no legal relationship with Visteon that imposes a duty on Johnson concerning Plaintiffs' injuries. There is no corporate affiliation between the two companies; they are separate legal entities (Doc. 229, p. 3). There is also no contractual duty. Johnson and Visteon signed an Asset Purchase Agreement dated April 1, 2003, in which Visteon sold certain assets relating to the manufacture of car seats to Johnson. But Visteon had sold the seat at issue to Ford before the date of the Agreement, and the Agreement disclaimed Johnson's liability for injuries caused by products shipped before the Agreement. The Agreement further specified that Visteon retained liability for injuries caused by previously shipped products (Doc. 229, p. 4).[1]

The docket reflects that Plaintiffs have not filed a response to Johnson's Motion for Summary Judgment. This Court's rules state that "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." **SDIL-LR 7.1(c)**. Thus, pursuant to **SDIL-LR 7.1(c)**, the Court hereby deems Plaintiffs' silence to be an admission as to the merits of Johnson's arguments for summary judgment. As such, Johnson's Motion for

---

[1] Visteon is no longer a party in this action (Doc. 188).

Summary Judgment (Doc. 229) is hereby **GRANTED** in favor of Johnson and against Plaintiffs as to counts II and V of the Third Amended Complaint (Doc. 91). Plaintiffs' claims in this matter against codefendant Johnson Controls, Inc., are **DISMISSED WITH PREJUDICE**.

    **IT IS SO ORDERED**.

    Signed this 16th day of February, 2011.

David R. Herndon
2011.02.16
13:48:11 -06'00'

**Chief Judge**
**United States District Court**