IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FRANK MUEGGE,**

**Plaintiff,**

**v.**

**FORD MOTOR COMPANY,**

**Defendant.**                               **No. 07-cv-122-DRH**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court is plaintiff's motion to enlarge peremptory challenges or, in the alternative, to reduce venire (Doc. 267). Plaintiff notes it is this Court's usual practice to seat a jury of twelve with three peremptory challenges accorded each party. Plaintiff requests that the Court increase, "the number of peremptory challenges to reflect a custom validated ration of one peremptory challenge per seated juror." Alternatively, plaintiff seeks a reduced number of seated jurors.

Defendant responds that it has no objection to raising the number of peremptory challenges allowed each party from three to five, in accordance with Illinois law (Doc. 291) (citing 735 ILCS 5/2-1106 (West 2011)). Further, it alternatively does not object to empaneling a jury of six, but only if the Court does not enlarge the allowable number of peremptory challenges.

28 U.S.C. § 1870 governs the number of peremptory challenges allowed each

party in civil litigation in federal court. *See* 28 U.S.C. § 1870. Section 1870 provides, "[i]n civil litigation, each party shall be entitled to three peremptory challenges. Several defendants or several plaintiffs may be considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly." However, in single party civil litigation the court is not authorized to allow more than three peremptory challenges per side. *See Blount v. Plovidba*, 567 F.2d 583, 585 (3d Cir. 1977) (discussing legislative intent of Section 1870). The instant case indisputably involves single parties. Thus, as the parties have not provided authority to the contrary, based on the language of the controlling statute and case law construing it, the Court lacks authority to expand the number of peremptory challenges.

Regarding plaintiff's alternative request, as defendant does not object, the Court shall exercise its discretion to seat a fewer number of jurors than twelve. *See* Fed. R. Civ. P. 48(a). Defendant states it does not object to a seated jury of six. However, given the anticipated length of trial, the Court deems it prudent to select a jury of eight; at least two more than necessary. Further, all jurors who continue to be available at the end of trial will deliberate with the goal of reaching a unanimous verdict. *Id.* Thus, plaintiff's motion is **GRANTED in part** (Doc. 267).

**IT IS SO ORDERED.**
Signed this 29th day of May, 2012.

David R. Herndon
2012.05.29 09:52:13
-05'00'

**Chief Judge**
**United States District Court**